```
               UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

L.A., an adjudicated "adult"   )
ward" under court-appointed    )
conservatorship, by Next       )
Friend, and mother, Renate     )
Arnold,                        )
                               )
    Plaintiff,                )
                               )
            v.             )   NO.  3:11-1088
                               )
BELINDA MITCHELL, et al.,      )   Judge Sharp/Bryant
                               )
    Defendants.               )

TO: The Honorable Kevin H. Sharp

### REPORT AND RECOMMENDATION

For the reasons stated in this report and recommendation, the undersigned Magistrate Judge recommends that the complaint be dismissed for lack of capacity of plaintiff's next friend to prosecute this action without representation by a licensed attorney.

### Statement of the Case

The complaint in this action has been filed by Renate Arnold as next friend and mother of her daughter, "L.A." L.A., according to the complaint is twenty (20) years old, has been disabled from birth with Down syndrome, has the mental capacity of a child, and communicates primarily by means of sign language.

Renate Arnold has filed this complaint pro se.

She alleges that defendants have violated her mentally incompetent daughter's rights under the Americans With Disabilities

Act ("ADA"), 42 U.S.C. § 12101, et seq., and her rights under various amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983 and other civil rights statutes.

**Summary of the Facts Alleged in the Complaint**

Although the complaint contains scant factual detail and consists largely of conclusory allegations, it charges that a state court conservatorship proceeding was commenced in the probate division of the Davidson County Circuit Court, and that, as a result of that proceeding, defendant Belinda Mitchell was appointed by the Court as conservator for plaintiff L.A. Named as defendants are the following:

1. Belinda Mitchell, court-appointed conservator;

2. Andrea Hedrick, court-appointed guardian ad litem;

3. The probate division of the Davidson County Circuit Court;

4. Randy Kennedy, a state court judge who presided over a portion of the conservatorship proceeding;

5. D.J. Alissandratos, who was specially appointed as a state court judge to preside over the conservatorship proceeding;

6. Tennessee Department of Human Services;

7. Tennessee Department of Intellectual & Developmental Disabilities;

8. The ARC of Tennessee, Inc.;

2

9. Metropolitan Nashville Public Schools;

10. Exchange Club Family Center, Inc.;

11. Restoration Residential Services, LLC;

12. The State of Tennessee; and

13. Office of the Tennessee Attorney General.

The complaint claims in largely conclusory allegations that defendants collectively have violated the ADA and L.A.'s constitutional rights in the conduct of the state court conservatorship proceeding and the administration of the resulting conservatorship estate.

As relief, the plaintiff seeks a declaratory judgment that the practices, policies and procedures of defendants in conducting the state court conservatorship proceeding and in administering the conservatorship estate have wrongfully discriminated against L.A. and have violated her constitutional rights; an injunction prohibiting defendants from further violations of L.A.'s statutory or constitutional rights and staying further administration of the state court conservatorship proceeding; and an award of monetary damages, both compensatory and punitive, and attorney's fees, costs and expenses.

## Analysis

On April 9, 2012, the undersigned Magistrate Judge entered an order requiring plaintiff's next friend and mother,

3

Renate Arnold, to show cause why the complaint should not be dismissed for her failure to be represented by a licensed attorney, as required by law (Docket Entry No. 73).

Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," this statute does not permit plaintiffs to appear <u>pro se</u> where interests other than their own are at stake. <u>Shepherd v. Wellman</u>, 313 F.3d 963, 970 (6th Cir. 2002) (citing <u>Iannaccone v. Law</u>, 142 F.3d 553, 558 (2nd Cir. 1998)). Similarly, parents cannot appear <u>pro se</u> on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative. <u>Shepherd</u>, 313 F.3d at 970-71 (citing <u>Cheung v. Youth Orchestra Foundation of Buffalo, Inc.</u>, 906 F.2d 59, 61 (6th Cir. 1990)). It appears from this complaint that Renate Arnold, mother of L.A., who is not represented by a licensed attorney, has filed her complaint seeking to assert the claims of her daughter, an undisputed mental incompetent. Under the law cited above, Renate Arnold may not prosecute this claim without representation by a licensed attorney.

In her response to the Court's order to show cause (Docket Entry No. 80), the next friend argues that the Court should remedy this deficiency by granting her motion to appoint counsel for plaintiff. However, unlike criminal proceedings, there is no constitutional right to appointed counsel in a civil action.

4

Willett v. Wells, 469 F.Supp.748, 751 (E.D. Tenn. 1977). Moreover, the Sixth Circuit has held that appointment of counsel for a civil litigant is a matter within the discretion of the district court and will only occur under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993).

Although the claims asserted in the complaint are admittedly highly unusual, the undersigned Magistrate Judge finds that this case does not present exceptional circumstances sufficient to warrant the appointment of counsel for plaintiff. First, the relief sought in this complaint would in essence require this Court to sit in appellate review of the state court conservatorship proceeding, likely implicating the Younger abstention doctrine, Younger v. Harris, 401 U.S. 37 (1971), the Rooker-Feldman doctrine, or other similar doctrines of federal abstention. Indeed, abstention has been held to be particularly appropriate when the underlying matters involve issues of family relations and child custody, which clearly implicate important state interests. Meyers v. Franklin County Court of Common Pleas, 23 F. Appx. 201, 204 (6th Cir. 2001). In addition, it appears from the complaint that a number of the defendants likely have a defense of absolute immunity from claims arising from their roles in the state court conservatorship proceedings.

Moreover, the undersigned Magistrate Judge notes that the complaint consists largely of conclusory allegations, and fails to

5

state precisely what acts or omissions by defendants are alleged to be wrongful. These meager factual allegations may be insufficient to state plausible claims upon which relief can be granted, under the authority of Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Finally, the complaint offers no explanation why plaintiff's constitutional claims cannot be adequately addressed in the Tennessee appellate courts. For these reasons, the undersigned Magistrate Judge finds that this is not a case presenting a substantial constitutional question or such exceptional circumstances as to warrant appointment of counsel for plaintiff.

In consideration of the foregoing, the undersigned Magistrate Judge finds that Renate Arnold, as mother and next friend of L.A., may not prosecute this case without representation by a licensed attorney and, therefore, that the complaint should be dismissed without prejudice.

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the complaint be **DISMISSED** without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said

6

objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 18th day of May 2012.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge
